Mark L. Javitch (CA SBN 323729)
JAVITCH LAW OFFICE
3 East 3rd Ave. Ste. 200
San Mateo, CA 94401
Telephone: (650) 781-8000
Facsimile: (650) 648-0705
mark@javitchlawoffice.com

*Attorneys for Plaintiff*
and those similarly situated

# IN THE UNITED STATES DISTRICT COURT FOR

# THE DISTRICT OF NEBRASKA

| | |
|---|---|
| BEN FABRIKANT, individually, and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>SELECTQUOTE INSURANCE SERVICES, INC., a California corporation, MICHAEL FISHER, an individual, and JOHN DOE,<br><br>Defendants. | Case No.: _____<br><br>**CLASS ACTION COMPLAINT**<br><br>**Jury Trial Demanded**<br><br>**Trial Location: Lincoln** |

## CLASS ACTION COMPLAINT

1. Plaintiff BEN FABRIKANT ("Plaintiff") brings this Class Action Complaint and Demand for Jury Trial against Defendant SELECTQUOTE INSURANCE SERVICES, INC., ("Select Quote") Defendant MICHAEL FISHER, ("Mr. Fisher") and Defendant JOHN DOE ("John Doe" or together, "Defendants") to stop their illegal practice of placing unsolicited calls that play artificial or prerecorded voice messages telephones, and to obtain redress for all persons injured by their conduct. Plaintiff alleges as follows upon personal knowledge as to himself and his own acts and experiences, and, as to all other matters, upon information and belief, including investigation conducted by his attorney.

## NATURE OF THE ACTION

2. Select Quote and their agent, Michael Fisher, market and sell supplemental medical insurance. As a part of their marketing, Defendants made thousands of unsolicited phone calls that played artificial or prerecorded voice messages.

3. Defendants did not obtain express written consent, however, prior to sending these artificial or prerecorded voice messages and, therefore, are in violation of the Telephone Consumer Protection Act ("TCPA"), 47 U.S.C. § 227.

4. Congress enacted the TCPA in 1991 to restrict the use of sophisticated telemarketing equipment that could target millions of consumers *en masse*. Congress found that these calls were not only a nuisance and an invasion of privacy to consumers specifically but were also a threat to interstate commerce generally. *See* S. Rep. No. 102-178, at 2-3 (1991), as reprinted in 1991 U.S.C.C.A.N. 1968, 1969-71.

5. The TCPA targets unauthorized calls exactly like the ones alleged in this case, based on Defendants' use of technological equipment to spam consumers with its advertising on a grand scale.

6. By placing the calls at issue, Defendants violated the privacy and statutory rights of Plaintiff and the Class.

7. Plaintiff therefore seeks an injunction requiring Defendants to stop its unconsented calling, as well as an award of actual and/or statutory damages to the Class members, together with costs and reasonable attorneys' fees.

## PARTIES

8. Plaintiff BEN FABRIKANT is a natural person and is a citizen of Lincoln, Nebraska.

9. Defendant SELECT QUOTE INSURANCE SERVICES, INC. is an entity organized and existing under the laws of the state of California with its principal place of business at 6800 W. 115th St., Suite 2511, Overland Park, KS 66211-2205.

10. Select Quote's registered agent is listed on the California Secretary of State website as 1325 J St Ste 1550, Sacramento, California.

11. Defendant Michael Fisher is an individual employed by Select Quote.

12. Defendant John Doe is an unknown business entity.

## JURISDICTION AND VENUE

13. This Court has federal subject matter jurisdiction under 28 U.S.C. § 1331, as this action arises under the Telephone Consumer Protection Act, 47 U.S.C. § 227, which is a federal statute.

14. This Court has specific personal jurisdiction over Defendants because Defendants directed the violating phone calls to be placed to Plaintiff in this District.

15. Venue is proper in this District pursuant to 28 U.S.C. § 1391(b)(2) because the injury substantially occurred in this District.

## COMMON FACTUAL ALLEGATIONS

16. Select Quote markets and sells supplemental Medicare insurance.

17. Michael Fisher is an employee for Select Quote.

18. Select Quote and Michael Fisher hired John Doe to cause unsolicited phone calls playing artificial and/or prerecorded voice messages to be automatically called, screened, and then transferred to Michael Fisher.

19. Unfortunately, Defendants failed to obtain consent from Plaintiff and the Class before bombarding them with these illegal calls.

## FACTS SPECIFIC TO PLAINTIFF

20. On April 18, 2023, Plaintiff received an unsolicited phone call soliciting supplemental Medicare coverage. The caller ID displayed a spoofed number from (402) 999-0695.

21. When Plaintiff answered the call, Plaintiff heard an artificial or prerecorded voice telling him to "press 1" for more information on supplemental Medicare coverage.

22. Plaintiff pressed 1 to identify the caller. Plaintiff was then connected with a call screener, who then connected him to Michael Fisher.

23. The call lasted approximately 47 minutes.

24. Also on the same day, Plaintiff then received a follow up email from Michael Fisher from Select Quote containing a quote for Supplemental Medicare Insurance.

25. Plaintiff never consented to receive calls from Defendants. Prior to this interaction, he had no relationship with them whatsoever.

26. 47 CFR 64.1200(b)(1) requires that Defendants clearly state the identity of the business, individual, or other entity that is responsible for initiating the call. Defendants failed to fulfill this requirement, resulting in additional violations against Plaintiff and the Class.

27. Defendants' call violated Plaintiff's statutory rights and caused actual and statutory damages.

28. In addition to causing statutory damages, the illegal calls caused annoyance, intrusion on privacy and seclusion, wasted cell phone battery, and time to Plaintiff to investigate the intrusion to find out who was calling.

## CLASS ALLEGATIONS

29.     **Class Definition**: Plaintiff brings this action pursuant to Federal Rule of Civil Procedure 23(b)(2) and 23(b)(3) on behalf of Plaintiff and a class defined as follows:

> **TCPA Class**. All persons in the United States who: (1) from the last 4 years to present (2) whose phone numbers were called (3) to promote Select Quote's products and services;

30.     The following people are excluded from the Class: (1) any Judge or Magistrate presiding over this action and members of their families; (2) Defendant, Defendants' subsidiaries, parents, successors, predecessors, and any entity in which the Defendant or their parents have a controlling interest and its current or former employees, officers and directors; (3) persons who properly execute and file a timely request for exclusion from the Class; (4) persons whose claims in this matter have been finally adjudicated on the merits or otherwise released; (5) Plaintiff's counsel and Defendants' counsel; and (6) the legal representatives, successors, and assigns of any such excluded persons.

31.     **Numerosity**: The exact number of the Class members is unknown and not available to Plaintiff, but it is clear that individual joinder is impracticable. On information and belief, Defendant placed telephone calls to thousands of consumers who fall into the definition of the Class. Members of the Class can be identified through Defendants' records.

32.     **Typicality**: Plaintiff's claims are typical of the claims of other members of the Class, in that Plaintiff and the Class members sustained damages arising out of Defendants' uniform wrongful conduct and unsolicited telephone calls.

33.     **Adequate Representation**: Plaintiff will fairly and adequately represent and protect the interests of the other members of the Class. Plaintiff's claims are made in a representative capacity on behalf of the other members of the Class. Plaintiff has no interests antagonistic to the interests of the other members of the proposed Class and is subject to no

unique defenses. Plaintiff has retained competent counsel to prosecute the case on behalf of Plaintiff and the proposed Class. Plaintiff and his counsel are committed to vigorously prosecuting this action on behalf of the members of the Class and have the financial resources to do so.

34. **Policies Generally Applicable to the Class**: This class action is appropriate for certification because Defendants have acted or refused to act on grounds generally applicable to the Class as a whole, thereby requiring the Court's imposition of uniform relief to ensure compatible standards of conduct toward the Class members and making final injunctive relief appropriate with respect to the Class as a whole. Defendants' practices challenged herein apply to and affect the Class members uniformly, and Plaintiff's challenge of those practices hinge on Defendants' conduct with respect to the Class as a whole, not on facts or law applicable only to Plaintiff.

35. **Commonality and Predominance**: There are many questions of law and fact common to the claims of Plaintiff and the Class, and those questions predominate over any questions that may affect individual members of the Class. Common questions for the Class include, but are not necessarily limited to the following:

   a. Whether the phone calls used an artificial or prerecorded voices;

   b. Whether the calls were caused by Defendants;

   c. Whether Defendants obtained written express consent prior to the calls;

   d. Whether members of the Class are entitled to treble damages based on the knowingness and/or willfulness of Defendants' conduct.

36. **Superiority**: This case is also appropriate for class certification because class proceedings are superior to all other available methods for the fair and efficient adjudication of

this controversy as joinder of all parties is impracticable. The damages suffered by the individual members of the Class will likely be relatively small, especially given the burden and expense of individual prosecution of the complex litigation necessitated by Defendants' actions. Thus, it would be virtually impossible for the individual members of the Class to obtain effective relief from Defendants' misconduct. Even if members of the Class could sustain such individual litigation, it would still not be preferable to a class action, because individual litigation would increase the delay and expense to all parties due to the complex legal and factual controversies presented in this Complaint. By contrast, a class action presents far fewer management difficulties and provides the benefits of single adjudication, economy of scale, and comprehensive supervision by a single Court. Economies of time, effort and expense will be fostered, and uniformity of decisions ensured.

## SELLER LIABILITY

37. Even if Select Quote and/or Michael Fisher did not personally make the TCPA violating calls to Plaintiff, they are liable for the TCPA violations soliciting their products.

38. "[A] person or entity 'initiates' a telephone call when it takes the steps necessary to physically place a telephone call, and generally does not include persons or entities, such as third-party retailers, that might merely have some role, however minor, in the causal chain that results in the making of a telephone call." 28 FCC Rcd 6574.

39. Defendants Select Quote and Michael Fisher are "sellers" under FCC authority. Seller means any person who, in connection with a telemarketing transaction, provides, offers to provide, or arranges for others to provide goods or services to the customer in exchange for consideration.

40. "[T]he seller has the ability, through its authorization, to oversee the conduct of its telemarketers, even if that power to supervise is unexercised." *Id*. at 6593.

41. The FCC has a long-standing policy of assigning liability to the company on whose behalf a solicitation is made. Id. at 6589. The FCC has repeatedly "reiterate[d] that a company on whose behalf a telephone solicitation is made bears the responsibility for any violation of our telemarketing rules and calls placed by a third party on behalf of that company are treated as if the company itself placed the call." Vicarious liability applies even where the sections of the TCPA that do not specifically include "on behalf of" language. *Id*. at 6590.

42. The seller is in the best position to monitor and police TCPA compliance by third-party telemarketers. *Id*. at 6588.

43. Because "[s]ellers may have thousands of 'independent' marketers, . . . suing one or a few of them is unlikely to make a substantive difference for consumer privacy." And as the Third Circuit determined in an analogous context, absent the application of agency-related principles, the seller (in this instance) "would benefit from undeterred unlawful acts, and the statute's purpose . . . would go unrealized," *Id*.

44. Vicarious liability "may be supported by evidence that the seller allows the outside sales entity access to information and systems that normally would be within the seller's exclusive control, including: access to detailed information regarding the nature and pricing of the seller's products and services or to the seller's customer information. The ability by the outside sales entity to enter consumer information into the seller's sales or customer systems, as well as the authority to use the seller's trade name, trademark and service mark may also be relevant." *Id*. at 6592.

8

45. "[A] seller would be responsible under the TCPA for the unauthorized conduct of a third-party telemarketer that is otherwise authorized to market on the seller's behalf if the seller knew (or reasonably should have known) that the telemarketer was violating the TCPA on the seller's behalf and the seller failed to take effective steps within its power to force the telemarketer to cease that conduct. *Id*.

46. Defendants knew that their products were being solicited via illegal robocalling. Defendants contacted Plaintiff and the putative class via banned prerecorded voice telephone call and then solicited their insurance products.

47. Despite knowing the identity of the robocallers, Defendants failed to repudiate the illegal robocalling by disclosing the identity of the robocaller.

48. After Plaintiff's complaint letter, Defendants communicated with John Doe to obtain and put forward a disputed "consent" record, while at the same time denying Plaintiff all information on the identity of the robocaller.

49. The telemarketing sales rule requires (§310.5) sellers to maintain telemarketing records for a period of 24 months.

50. Defendants have failed to disclose these records they are required to maintain.

**CAUSE OF ACTION**
**Violation of 47 U.S.C. § 227(b)**
**(On behalf of Plaintiff and the Class)**

51. Plaintiff incorporates the foregoing allegations as if fully set forth herein.

52. Plaintiff and the Class members received phone calls from Defendants.

53. When they answered the calls, they heard an artificial or prerecorded voice message advertising end of life final expense insurance coverage on behalf of Defendants.

54. As a result of its unlawful conduct, Defendants repeatedly invaded Plaintiff's and the Class's personal privacy, causing them to suffer damages and, under 47 U.S.C. § 227(b)(3)(B), entitling them to recover $500 in civil fines for each violation and an injunction requiring Defendants to stop its illegal calling campaign.

55. In addition to causing statutory damages, the illegal calls caused annoyance, intrusion on privacy and seclusion, wasted cell phone battery, and time to Plaintiff to investigate the intrusion to find out who was calling.

56. Further, Defendants made the violating calls "willfully" and/or "knowingly" under 47 U.S.C. § 227(b)(3)(C), warranting an increase in statutory damages from $500 to $1500 per violation under 47 U.S.C. § 227(b)(3)(C).

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff BEN FABRIKANT, individually and on behalf of the Class, prays for the following relief:

A. An order certifying the Class as defined above, appointing Plaintiff as the Class representative and appointing his counsel as Class Counsel;

B. An injunction requiring Defendants to cease all unlawful calls without first obtaining the call recipients' express consent to receive such calls, and otherwise protecting interests of the Class;

C. An award of actual damages and/or statutory fines and penalties;

D. An award of reasonable attorneys' fees and costs; and

E. Such other and further relief that the Court deems reasonable and just.

## JURY DEMAND

Plaintiff requests a trial by jury of all claims that can be so tried.

Dated: July 9, 2023                                  Respectfully submitted,

                                                        By: s/ Mark L. Javitch
                                                            Bar Number: CA 323729
                                                            Attorney for Plaintiff
                                                            Javitch Law Office
                                                            3 East 3rd Ave. Ste. 200
                                                            San Mateo, California 94401
                                                            Telephone: (650) 781-8000
                                                            Facsimile: (650) 648-0705
                                                            mark@javitchlawoffice.com

                                           *Attorneys for Plaintiff and the Putative Class*